UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| D&H THERAPY ASSOCIATES, LLC and ROBIN DOLAN, Plaintiffs | ) | C.A. No. 08-005/S |
| v. | ) | |
| BOSTON MUTUAL LIFE INSURANCE COMPANY, Defendant | ) | |

**DEFENDANT'S OBJECTION TO PLAINTIFFS'**
**MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Defendant Boston Mutual Insurance Company ("Boston Mutual") objects to plaintiffs' motion for leave to amend the complaint.

Boston Mutual files herewith a supporting memorandum of law.

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: June 24, 2008

CERTIFICATE OF SERVICE

To:

Charles S. Beal, Esq.
Beal Law, LLC
55 Pine Street – Suite 400
Providence, RI 02903

I hereby certify that I electronically filed the within Defendant's Objection to Plaintiffs' Motion for Leave to Amend the Complaint on June 24, 2008. The Objection is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-listed counsel of record will be effectuated by electronic means or by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks R. Magratten

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

D&H THERAPY ASSOCIATES, LLC and ROBIN DOLAN,
Plaintiffs

v.

BOSTON MUTUAL LIFE INSURANCE COMPANY,
Defendant

C.A. No. 08-005/S

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Defendant Boston Mutual Insurance Company ("Boston Mutual") objects to plaintiffs' motion for leave to amend the complaint.

**INTRODUCTION**

Plaintiff Robin Dolan was at all relevant times a participant in a long term disability ("LTD") plan (the "Plan") sponsored and maintained by plaintiff D&H Therapy Associates, LLC and funded by a Boston Mutual group LTD policy (the "Policy"). Boston Mutual terminated Ms. Dolan's LTD benefit claim because it determined that as of January 1, 2002, Ms. Dolan was earning more than 80% of her pre-disability income.

Plaintiffs brought suit against Boston Mutual for LTD benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132 (a)(1)(b). Complaint, ¶ 1. They have filed a motion for leave to amend their complaint to add a state law claim of fraud in the inducement. In their proposed amended complaint, plaintiffs again plead a claim for LTD benefits under ERISA. Proposed Amended Complaint, ¶ 1. The gravamen of both complaints is that Boston Mutual wrongfully terminated Ms. Dolan's LTD benefit claim.

Boston Mutual objects to plaintiffs' motion for leave to amend on the ground of futility because plaintiffs' fraud in the inducement claim is preempted by ERISA.

## ARGUMENT

### I. Plaintiffs' Fraud In The Inducement Claim Is ERISA-Preempted

In ERISA, Congress enacted a comprehensive statutory framework designed to promote uniformity in the nationwide regulation of employee benefit plans. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," 29 U.S.C. § 1144(a). It shows an understanding that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." Pilot Life, 481 U.S. at 54. Thus, generally speaking, federal substantive law and not state law will govern a claim for benefits under ERISA. Nash v. Trustees of Boston University, 946 F.2d 960, 964 (1st Cir. 1991).

A state law claim relates to an employee welfare benefit plan where a state law cause of action requires the court's inquiry be directed to the plan or where it conflicts directly with ERISA. Ingersoll Rand Co. v. McClendon, 498 U.S. 133 (1990). A state law fraud in the inducement claim is preempted where it requires analysis of the Plan. Carrasquillo v. Pharmacia Corp., 466 F.3d 13, 20 (1st Cir. 2006).

In Carrasquillo, the plaintiff participant sued his former employer under ERISA and Puerto Rico law alleging wrongful denial of separation benefits. He alleged that his employer fraudulently induced him to continue his employment by misleading him about when he could apply for severance benefits, changing the benefits application deadline without informing him and falsely promising him a comparable position. Id. at 20.

The First Circuit held that plaintiff's fraudulent inducement claim was preempted by ERISA because the court could not determine whether the alleged promises were fraudulent

without consulting the terms of the plan. Because the court's inquiry would be "necessarily directed to the plan," the district court was correct to dismiss plaintiff's fraudulent inducement claim on the ground of ERISA preemption. Id.

Plaintiffs allege in their proposed amended complaint that defendant Boston Mutual and its agents fraudulently induced plaintiffs to purchase the Policy by representing that "earnings" would be defined only as W-2 earnings. Plaintiffs further allege that as a result, "they have been denied substantial benefits that they had been assured by Defendant and its agents to which they are entitled." Plaintiffs' Proposed Amended Complaint, ¶ 35.

Plaintiffs' fraudulent inducement claim relates to the Plan because resolution of that claim requires analysis of the Plan. In terminating Ms. Dolan's LTD benefit claim, Boston Mutual interpreted "earnings" under the Plan to mean Ms. Dolan's income from all sources – namely, her net profits as partner of Associated Professional Management, Inc. and D&H Therapy, Inc. The Court must look to the Plan in order to determine whether this interpretation of the term "earnings" was reasonable before it can decide whether the promises allegedly made by Boston Mutual were fraudulent.[1] Because the Court's inquiry will necessarily be directed to the Plan, plaintiffs' fraud in the inducement claim is related to the Plan and is, therefore, preempted.

Moreover, a plaintiff's fraud in the inducement claim relates to the Plan when it is intertwined with a defendant's refusal to pay benefits as allegedly promised. See Englehardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1348 (11th Cir.1998) (fraud in the inducement claim preempted where the impetus for suit was the decision to deny benefits under an ERISA plan); Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir.1997) (noting that a state law claim relates to an ERISA plan for purposes of preemption "whenever the alleged

[1] In fact, the Court will not even reach the issue of whether plaintiffs were fraudulently induced to purchase the Policy unless it first finds that Boston Mutual's interpretation was reasonable.

conduct at issue is intertwined with the refusal to pay benefits"); Hooper v. Albany Intern. Corp., 149 F. Supp. 2d 1315, 1321 (M.D. Ala. 2001) (noting that when the common thread weaving all of the claims in plaintiff's complaint together is the defendant's allegedly improper denial of benefits under the ERISA plan, plaintiff's state law claims, including fraud in the inducement, are completely preempted by ERISA); Stoudemire v. Provident Life & Acc. Ins. Co., 24 F. Supp. 2d 1252, 1259 (M.D. Ala. 1998) (state law claims relate to ERISA plan whenever alleged conduct at issue is intertwined with refusal to pay benefits); MacKay v. Grumman Allied Industries, Inc., 993 F. Supp. 1068, 1071 (W.D. Mich.1997) (fraud in the inducement claim related to plan and was preempted where plaintiff sought as damages additional pension benefit amounts under the Plan); see also, Macomber v. Digital Equipment Corp., 865 F. Supp. 65 (D.N.H. 1994) (causes of action alleging wrongful conduct prior to adoption of an ERISA plan and seeking benefits under an ERISA plan or seeking damages as measured by benefits which would otherwise have been provided by the Plan are preempted by ERISA).

Plaintiffs' fraud in the inducement claim is intertwined with Boston Mutual's termination of Ms. Dolan's LTD benefit claim. They concede as much in their proposed amended complaint, alleging specifically with respect to their fraud in the inducement claim that "they have been denied substantial benefits that they had been assured by Defendant and its agents to which they are entitled." Proposed Amended Complaint, ¶ 35. Their measure of damages on the fraud in the inducement claim is the amount of benefits to which Ms. Dolan would be entitled under the Plan. Because the impetus for plaintiffs' fraudulent inducement claim is Boston Mutual's termination of Ms. Dolan's LTD benefit claim, it relates sufficiently to the Plan to be ERISA-preempted.

**II. Plaintiffs' Proposed Amendment Is Futile**

Although leave to amend a complaint should be freely granted pursuant to F.R.C.P. 15, amendments should be denied where they would be futile. See Maldonado v. Dominguez, 137 F.3d 1, 11 (1st Cir.1998); Schock v. U.S., 21 F. Supp. 2d 115, 124 (D.R.I. 1998). Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996); Schock 21 F. Supp. 2d at 124. Because plaintiffs' proposed claim for fraud in the inducement is ERISA-preempted, their amendment is futile. De Pace v. Matsushita Elec. Corp. of America, 257 F. Supp. 2d 543, 567 (E.D.N.Y. 2003). Plaintiffs fail to state a claim upon which relief can be granted.

**CONCLUSION**

For the foregoing reasons, defendant Boston Mutual Insurance Company requests that the Court deny plaintiffs' motion for leave to amend the complaint.

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: June 24, 2008

CERTIFICATE OF SERVICE

To:

Charles S. Beal, Esq.
Beal Law, LLC
55 Pine Street, Suite 400
Providence, RI 02903

I hereby certify that I electronically filed the within Memorandum in Support of Defendant's Objection to Plaintiffs' Motion for Leave to Amend the Complaint on June 24, 2008. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-listed counsel of record will be effectuated by electronic means or by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks R. Magratten