UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| D&H THERAPY ASSOCIATES, LLC and ROBIN DOLAN, | : | |
| Plaintiffs, | : | C.A. No. 08-005S |
| v. | : | |
| BOSTON MUTUAL LIFE INSURANCE COMPANY, | : | |
| Defendant. | : | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiffs D&H Therapy Associates, LLC and Robin Dolan (the "Plaintiffs") respectfully submit this Reply Memorandum of Law in further support of their Motion for Leave to Amend the Complaint. As described more fully below, the vast majority of the applicable case law that has addressed the issue has held that a fraud in the inducement claim is not preempted where – as here – such a claim would not be contrary to the purposes underlying the ERISA statutory scheme.

**Argument**

Contrary to the broad and expansive suggestions made by Defendant that ERISA preempts any and all state law claims even tangentially related to an ERISA plan, federal courts have routinely found that fraud in the inducement claims are not preempted by ERISA in a wide variety of circumstances. *See, e.g., Geller v. County Line Auto Sales*, 86, F.3d 18 (2d Cir. 1996) (holding that state law fraud in the inducement claim was not preempted by ERISA, as the state law claim did not in any way compromise Congress' purpose in enacting ERISA and, indeed, the state law fraud claim furthered ERISA's goal of "insuring the honest administration of financially sound plans."); *Smith v. Children's*

*Hospital,* 84 F.3d 152 (5th Cir. 1996) (finding that claim for fraudulent inducement based on allegations that false statements were made by defendant that induced the plaintiff to give up existing insurance policy and sign onto plan was not preempted by ERISA); *Hubbard v. Blue Cross & Blue Shield*, 42 F.3d 942 (5TH Cir. 1995) (ruling that state law fraudulent inducement claim based on false advertising that allegedly induced plaintiff to enter into insurance contract/plan was not preempted by ERISA law.); *Perkins v. Time Ins. Co*., 898 F.2d 470 (5th Cir. 1990) (holding that ERISA preemption did not extend to preempt fraud in the inducement claim based on allegations that Plaintiff was fraudulently induced to drop an existing insurance policy to enter into a new insurance policy/plan.); *Davies v. Centennial Ins. Co.*, 128 F.3d 934 (6th Cir. 1997) (holding that fraud in the inducement claim relating to insurance policy was not preempted by ERISA, as preemption would create an incentive for unscrupulous behavior); *Trustees of the AFTRA Health Fund v. Biondi*, 303 F.3d 765 (7th Cir. 2002) (finding that ERISA did not preempt fraud claim and stating that "[a] state law claim is not expressly preempted under § 1144(a) merely because it requires a cursory examination of ERISA plan provisions."); *Wilson v. Zoellner*, 114 F.3d 713 (8th Cir. 1997) (holding that claim for negligent misrepresentation as to the scope of insurance coverage was not preempted by ERISA.); *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267 (11th Cir. 2005) (holding that claims of fraud in the sale of life insurance policies were not preempted by ERISA law); *Morstein v. National Insurance Services, Inc.*, 93 F.3d 715 (11th Cir. 1996) (*en banc*) (opining that state law claim that insured was induced to give up insurance policy and enter into a plan was not sufficiently "related to" plan to trigger ERISA preemption.).

*Cotton v. Massachusetts Mutual Life Ins. Co.*, 402 F.3d 1267 (11th Cir. 2005), is instructive. In *Cotton*, employees covered by an ERISA plan brought claims under ERISA, as well as state law claims for misrepresentation, fraud and promissory estoppel against an insurance company. The plaintiffs alleged that in reliance on written projections and statements made by the insurance company defendant (that, as here, the insurance company later claimed to be incorrect), the plaintiffs amended the plan and took out loans against their life insurance policies to their detriment. In its opinion, the court summarized the law of the various circuits, and cited with approval *Perkins v. Time Insurance Co.*, 898 F.2d 470 (5th Cir):

> A claim that an insurance agent fraudulently induced an insured to surrender coverage under an existing policy, to participate in an ERISA plan which did not provide the promised coverage, "relates to" that plan only indirectly. A state law claim of that genre, which does not affect the relations among the principal ERISA entities (the employer, the plan fiduciaries, the plan, and the beneficiaries) as such, is not preempted by ERISA.

*Id.* at 1284. The court went on to hold that the claims were not preempted because when the insurance company and its agent made its allegedly false statements, it was not acting in a fiduciary capacity and the state law claims, if proven, would have only an indirect effect on the plan.

Here, unlike in the *Carasquillo* case relied on by Defendant, the Plaintiffs are not seeking benefits by way of the fraudulent inducement claim. The Amended Complaint, read fairly, alleges that Plaintiff had insurance with another insurance company protecting their W-2 income. Plaintiffs allege that as a result of Defendant's fraudulent proposal (attached as Exhibit A to the proposed Amended Complaint) Defendant induced Plaintiffs to terminate the other policy. Accordingly, with regard to this specific state law claim, they are not suing for the benefits that they would have received under the plan,

but the benefits that they lost under the other policy that they were induced to terminate. *See also Atchison v. Woodmen of the World Insurance Society, C.F.*, 982 F. Supp. 835, 841 (S.D. Ala. 1997) (holding that claim brought by employees for fraudulent inducement based on allegation that defendant insurance company's false statements regarding insurance policy caused them to change policies was not preempted by ERISA.).

The reasoning set out in the above cases is consistent with that of the First Circuit Court of Appeals in *Nash v. Trustees of Boston University*, 946 F.2d 960 (1st Cir. 1991). In *Nash*, the Court directly addressed the issue of whether a contractual defense of fraud in the inducement was preempted by ERISA. The Court expressly found that "[t]he legislative purpose and public policy activating ERISA would be advanced by accommodating the affirmative defense of fraud in the inducement with the developing reserve of federal common law," in that "complete preemption" in disregard of such basic contract principles would create a disincentive to behave reasonably, as such fraud would otherwise be immunized by ERISA preemption. *Id.* So too here. It stands to reason that if the First Circuit recognized the appropriateness of fraud in the inducement as an affirmative defense, it should also recognize it as an affirmative claim where – as here – it will have, at best, an incidental effect on the plan.

Finally, it is respectfully submitted that weighty and complex issues such as allegations of fraud against an insurance company and its agents and ERISA preemption are most appropriately examined by the Court in the context of a dispositive motion based on full briefing and after the record has been developed – and not in the context of a motion to amend. Indeed, Judge Smith has already granted Plaintiffs discovery on

Plaintiff's state law claims. It would be wholly premature to rule on these complex issues of law on less than full briefing and in the context of a Motion to Amend.

**Conclusion**

For all of the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order granting Plaintiffs' Motion for Leave to Amend the Complaint and granting such further relief as it deems appropriate and just.

D&H THERAPY, LLC and
ROBIN DOLAN,

By their Attorneys,

/s/ Charles S. Beal

Charles S. Beal (#5559)
Beal Law, LLC
55 Pine Street, Suite 400
Providence, Rhode Island 02903
Tel. (401) 270-6200
Fax (401) 490-0117

July 7, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of July, 2008, a true copy of the within was sent, via electronic service, to the following:

Brooks R. Magratten, Esq.
Catherine A. Shaghalian, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

__/s/ Charles S. Beal___________________
Charles S. Beal