UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| D&H THERAPY ASSOCIATES, LLC and ROBIN DOLAN, Plaintiffs | ) | C.A. No. 08-005/S |
| v. | ) | |
| BOSTON MUTUAL LIFE INSURANCE COMPANY, Defendant | ) | |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Defendant Boston Mutual Insurance Company ("Boston Mutual") objects to plaintiffs' motion for leave to amend the complaint, which was filed on or about July 16, 2008.

Boston Mutual files herewith a supporting memorandum of law.

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: July 25, 2008

CERTIFICATE OF SERVICE

To:

Charles S. Beal, Esq.
Beal Law, LLC
55 Pine Street – Suite 400
Providence, RI 02903

I hereby certify that I electronically filed the within Defendant's Objection to Plaintiffs' Motion for Leave to Amend the Complaint on July 25, 2008. The Objection is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-listed counsel of record will be effectuated by electronic means or by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks R. Magratten

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| D&H THERAPY ASSOCIATES, LLC and ROBIN DOLAN, Plaintiffs | ) | C.A. No. 08-005/S |
| v. | ) | |
| BOSTON MUTUAL LIFE INSURANCE COMPANY, Defendant | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Defendant Boston Mutual Insurance Company ("Boston Mutual") objects to plaintiffs' motion for leave to amend the complaint, which was filed on or about July 16, 2008.

## I. RELEVANT FACTUAL BACKGROUND

Plaintiff Robin Dolan was at all relevant times a participant in a long term disability ("LTD") plan (the "Plan") sponsored and maintained by plaintiff D&H Therapy Associates, LLC ("D&H Therapy") and funded by a Boston Mutual group LTD policy (the "Policy"). Boston Mutual terminated Ms. Dolan's LTD benefit claim because it determined that as of January 1, 2002, Ms. Dolan was earning more than 80% of her pre-disability income and was thus no longer eligible for benefits.

Plaintiffs brought suit against Boston Mutual for LTD benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132 (a)(1)(b). Complaint, ¶ 1. They moved for leave to amend their complaint to add a state law claim of fraud in the inducement against Boston Mutual on June 12, 2008. In their proposed amended complaint, plaintiffs again pled a claim for LTD benefits under ERISA. Proposed Amended Complaint, ¶ 1.

Defendant objected to plaintiffs' motion, arguing that the state law fraud in the inducement claim was preempted by ERISA. After a July 9, 2008 hearing, Magistrate Judge Martin denied without prejudice plaintiffs' motion to amend.

Plaintiffs now move a second time for leave to amend their complaint to add a claim for fraudulent inducement, in addition to their 29 U.S.C. § 1132(a) claim for LTD benefits. Plaintiffs' motion seeks to add factual allegations to the complaint regarding a disability policy purportedly held by D&H Therapy's predecessor that allegedly would have provided greater benefits than those provided under the Boston Mutual policy. The gravamen of plaintiffs' proposed amended complaint, however, remains that Boston Mutual wrongfully terminated Ms. Dolan's LTD benefit claim, and they seek to recover benefits lost due to the termination. Plaintiffs have advanced no new legal arguments in support of their renewed motion.

Therefore, Boston Mutual once again objects to plaintiffs' motion for leave to amend on the ground of futility because plaintiffs' fraud in the inducement claim is preempted by ERISA.

## II. ARGUMENT

### A. Plaintiffs' Fraud In The Inducement Claim Is ERISA-Preempted.

In ERISA, Congress enacted a comprehensive statutory framework designed to promote uniformity in the nationwide regulation of employee benefit plans. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," 29 U.S.C. § 1144(a). It shows an understanding that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." Pilot Life, 481 U.S. at 54. Thus, generally speaking, federal substantive law and not

state law will govern a claim for benefits under ERISA. Nash v. Trustees of Boston University, 946 F.2d 960, 964 (1st Cir. 1991).

A state law claim relates to an employee welfare benefit plan where a state law cause of action requires the court's inquiry be directed to the plan or where it conflicts directly with ERISA. Ingersoll Rand Co. v. McClendon, 498 U.S. 133 (1990). A state law fraud in the inducement claim is preempted where it requires analysis of the Plan. Carrasquillo v. Pharmacia Corp., 466 F.3d 13, 20 (1st Cir. 2006).

In Carrasquillo, the plaintiff participant sued his former employer under ERISA and Puerto Rico law alleging wrongful denial of separation benefits. He alleged that his employer fraudulently induced him to continue his employment by misleading him about when he could apply for severance benefits, changing the benefits application deadline without informing him and falsely promising him a comparable position. Id. at 20.

The First Circuit held that plaintiff's fraudulent inducement claim was preempted by ERISA because the court could not determine whether the alleged promises were fraudulent without consulting the terms of the plan. Because the court's inquiry would be "necessarily directed to the plan," the district court was correct to dismiss plaintiff's fraudulent inducement claim on the ground of ERISA preemption. Id.

Plaintiffs allege in their proposed amended complaint that defendant Boston Mutual and its agents fraudulently induced plaintiffs to purchase the Policy by representing that "earnings" would be defined only as W-2 earnings. Plaintiffs further allege that as a result, "they have been denied substantial benefits that they had been assured by Defendant and its agents to which they are entitled." Plaintiffs' Proposed Amended Complaint, ¶ 35.

Plaintiffs' fraudulent inducement claim relates to the Plan because resolution of that claim requires analysis of the Plan. In terminating Ms. Dolan's LTD benefit claim, Boston

Mutual interpreted "earnings" under the Plan to mean Ms. Dolan's income from all sources – namely, her net profits as partner of Associated Professional Management, Inc. and D&H Therapy, Inc. The Court must look to the Plan in order to determine whether this interpretation of the term "earnings" was reasonable before it can decide whether the promises allegedly made by Boston Mutual were fraudulent.[1] Because the Court's inquiry will necessarily be directed to the Plan, plaintiffs' fraud in the inducement claim is related to the Plan and is, therefore, preempted.

Moreover, a plaintiff's fraud in the inducement claim relates to the Plan when it is intertwined with a defendant's refusal to pay benefits as allegedly promised. See Englehardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1348 (11th Cir.1998) (fraud in the inducement claim preempted where the impetus for suit was the decision to deny benefits under an ERISA plan); Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir.1997) (noting that a state law claim relates to an ERISA plan for purposes of preemption "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits"); Hooper v. Albany Intern. Corp., 149 F. Supp. 2d 1315, 1321 (M.D. Ala. 2001) (noting that when the common thread weaving all of the claims in plaintiff's complaint together is the defendant's allegedly improper denial of benefits under the ERISA plan, plaintiff's state law claims, including fraud in the inducement, are completely preempted by ERISA); Stoudemire v. Provident Life & Acc. Ins. Co., 24 F. Supp. 2d 1252, 1259 (M.D. Ala. 1998) (state law claims relate to ERISA plan whenever alleged conduct at issue is intertwined with refusal to pay benefits); MacKay v. Grumman Allied Industr., Inc., 993 F. Supp. 1068, 1071 (W.D. Mich.1997) (fraud in the inducement claim related to plan and was preempted where plaintiff sought as damages additional pension benefit amounts under the Plan); see also, Macomber v. Digital Equip. Corp., 865 F. Supp. 65 (D.N.H. 1994) (causes of

[1] In fact, the Court will not even reach the issue of whether plaintiffs were fraudulently induced to purchase the Policy unless it first finds that Boston Mutual's interpretation was reasonable.

action alleging wrongful conduct prior to adoption of an ERISA plan and seeking benefits under an ERISA plan or seeking damages as measured by benefits which would otherwise have been provided by the Plan are preempted by ERISA).

Plaintiffs' fraud in the inducement claim is intertwined with Boston Mutual's termination of Ms. Dolan's LTD benefit claim. They concede as much in their proposed amended complaint, alleging specifically with respect to their fraud in the inducement claim that "they have been denied substantial benefits that they had been assured by Defendant and its agents to which they are entitled." Proposed Amended Complaint, ¶ 35. Their measure of damages on the fraud in the inducement claim is the amount of benefits to which Ms. Dolan would be entitled under the Plan. Because the impetus for plaintiffs' fraudulent inducement claim is Boston Mutual's termination of Ms. Dolan's LTD benefit claim, it relates sufficiently to the Plan to be ERISA-preempted.

Plaintiffs' cite numerous cases from other jurisdictions which they claim support their assertion that a fraud in the inducement claim against Boston Mutual would not be preempted by ERISA. Obviously, the opinions of courts outside the First Circuit that conflict[2] with the Carrasquillo Court's holding have no precedential value in this case. It is worth noting, however, that several of the cases cited by plaintiffs do not support their position and, in fact, support Boston Mutual's position that ERISA preempts plaintiffs' proposed fraud in the inducement claim.

For example, plaintiffs cite an Eleventh Circuit decision, Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267 (11th Cir. 2005), which involved claims by two executive officers that had been sold "vanishing premium" whole life insurance policies. After the

---

[2] The Macomber court acknowledged, "Federal courts appear divided on the issue of whether ERISA preempts state law claims relating to allegedly wrongful conduct predating the adoption of an ERISA plan," and cited Perkins v. Time Ins. Co., 898 F.2d 470 (5th Cir.1990)—one of the decisions cited by plaintiffs—as an example of another circuit's law that was antithetical to the law in the First Circuit.

plaintiffs held the policies for several years and the premiums had not "vanished," it became clear that the projections used by the defendant in selling their policies had been overstated by several million dollars. See id. at 1272. Therefore, the executives—both of whom remained alive and who, therefore, had no claim to any benefits under the policy—sued the insurance company that had sold the policies in state court for negligent misrepresentation, fraud and related state-law tort claims. See id. at 1273. Defendants[3] removed to federal court, arguing that plaintiffs' claims were preempted by ERISA and, therefore, federal question jurisdiction existed. See id. After the court denied a motion to remand, plaintiffs amended their complaint to assert claims under ERISA. See id. The district court ultimately entered default judgment in favor of plaintiffs and defendant appealed. See id. at 1276.

Perhaps most importantly, the Cotton court explained at the outset of its decision, "*this was never really an ERISA case at all*, that it never should have been litigated in federal court, and . . . plaintiffs' motion to remand should have been granted at the outset." Id. at 1270 (emphasis added). The court proceeded to address issues regarding the district court's decision before reaching the plaintiffs' ERISA claims. See id. at 1275-82. The court noted that because the plaintiffs' original state court complaint asserted only state law claims, the case was not removable unless any of the plaintiffs' claims fell within ERISA's sphere of "complete preemption." See id. at 1281. Because plaintiffs' state law claims did not meet the elements necessary for complete preemption under ERISA (as established in the Eleventh Circuit),[4]

---

[3] Although several agents that had participated in the sale of the policies were also originally named as defendants, plaintiffs settled with all defendants except the defendant life insurer prior to the filing of the appeal. Id. at 1274.

[4] The Eleventh Circuit has held that in order for complete preemption under ERISA to exist, "[1] there must be a relevant ERISA plan, [2] the plaintiff must have standing to sue under that plan, [3] the defendant must be an ERISA entity, [4] the complaint must seek compensatory relief akin to that available under [ERISA § 502(a)]." As noted above, the Cotton plaintiffs' original complaint did not include a claim for benefits under ERISA, which was critical to the court's determination that their state law claims were not preempted by ERISA. Because D&H Therapy and Ms. Dolan have included a claim for benefits under ERISA in their complaint in this case (as well as their proposed amended complaint), see Complaint, Count IV, their fraud in the inducement claim *would be* preempted by ERISA, under the law as set forth in Cotton.

federal question jurisdiction did not exist, and the district court should have granted plaintiffs' motion to remand at the outset of the case. Id.

The Cotton court acknowledged that its determination that the plaintiffs' state law fraud and related claims were not within ERISA's sphere of complete preemption was "an exception to our general rule of thumb that 'claims against an insurer for fraud or fraud in the inducement to purchase a policy are in essence claims to recover benefits due to [the beneficiary] under the terms of the plan.'" Id. at 1290, quoting Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1213 (11th Cir. 1999). In contrast to several previous cases in which it had held that fraud claims against an insurer *were* ERISA preempted, however, the court explained that the policies at issue in Cotton were life insurance policies, the plaintiffs were "very much alive" and, as such, the plaintiffs were not seeking (and could not seek) benefits under the policies.[5] See id. at 1290. In other words, the court emphasized, the plaintiffs' *sole* dispute was "with Mass Mutual the seller of insurance products, not Mass Mutual the ERISA fiduciary." Id. at 1283.

The court further stated that in cases in which the defendant against whom fraud or other claims are asserted *is* an ERISA fiduciary, the state law claims will "'relate to' an ERISA entity" and, therefore, will be preempted. Id. at 1286, quoting, in part, Englehardt, 139 F.3d at 1352. See also Hall v. Blue Cross/Blue Shield of Ala., 134 F.3d 1063, 1064 (11th Cir. 1998). These holdings are consistent with the law in the First Circuit as set forth in Carrasquillo. See 466 F.3d at 20. The plaintiffs in this case seek to add a claim for fraudulent inducement to their complaint seeking benefits under an ERISA plan from Boston Mutual, which is an ERISA fiduciary. As such, plaintiffs' proposed fraud claim is preempted by ERISA.

[5] The court noted that under the plan, Massachusetts Mutual was "an ERISA fiduciary for the purpose of making death benefit determinations only . . . ." Id. at 1283.

**B. Plaintiffs' Proposed Amendment Is Futile.**

Although leave to amend a complaint should be freely granted pursuant to F.R.C.P. 15, amendments should be denied where they would be futile. See Maldonado v. Dominguez, 137 F.3d 1, 11 (1st Cir.1998); Schock v. U.S., 21 F. Supp. 2d 115, 124 (D.R.I. 1998). Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996); Schock, 21 F. Supp. 2d at 124. Because plaintiffs' proposed claim for fraud in the inducement is ERISA-preempted, their amendment is futile. De Pace v. Matsushita Elec. Corp. of America, 257 F. Supp. 2d 543, 567 (E.D.N.Y. 2003). Plaintiffs fail to state a claim upon which relief can be granted.

## III. CONCLUSION

For the foregoing reasons, defendant Boston Mutual Insurance Company requests that the Court deny plaintiffs' motion for leave to amend the complaint.

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: July 25, 2008

CERTIFICATE OF SERVICE

To:

Charles S. Beal, Esq.
Beal Law, LLC
55 Pine Street, Suite 400
Providence, RI 02903

I hereby certify that I electronically filed the within Memorandum in Support of Defendant's Objection to Plaintiffs' Motion for Leave to Amend the Complaint on July 25, 2008. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-listed counsel of record will be effectuated by electronic means or by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks R. Magratten