UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| D&H THERAPY ASSOCIATES, LLC and ROBIN DOLAN, Plaintiffs | ) | C.A. No. 08-005/S |
| v. | ) | |
| BOSTON MUTUAL LIFE INSURANCE COMPANY, Defendant | ) | |

**ANSWER OF BOSTON MUTUAL LIFE INSURANCE COMPANY TO AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant Boston Mutual Life Insurance Company ("Boston Mutual") responds to the plaintiffs' allegations as follows:

FIRST DEFENSE

1. The first sentence paragraph 1states conclusions of law for which no response is required; to the extent the Court may otherwise interpret the allegations of that sentence, they are denied. Answering the allegations of the second sentence of paragraph 1, alleges that defendant has properly denied benefits to plaintiff; except as so alleged, denies the remaining allegations of that sentence.

2. The last sentence of paragraph 2 states a conclusion for which no response is required; to the extent the Court may otherwise interpret that sentence, it is denied. Except as so alleged, denies the remaining allegations of that paragraph.

3. Lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 3, 11, 13, 35 and 37.

4. Answering the allegations of paragraph 4, alleges that plaintiffs told defendant that Robin Dolan was a principal of D&H Therapy Associates, LLC ("D&H"), that Ms. Dolan was a participant in a long term disability ("LTD") plan sponsored by D&H (the "Plan") and that LTD benefits under the Plan were funded by defendant

Boston Mutual policy no. G-52423; except as so alleged, denies the remaining allegations of that paragraph.

5. Admits paragraphs 5 and 30.

6. Answering the allegations of the first sentence of paragraph 6, alleges that Boston Mutual on July 1, 2000 issued to Professional Rehabilitation Network group disability policy no. G-52423. Answering the allegations contained in the second sentence of paragraph 6, lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Except as so alleged, denies the remaining allegations of that paragraph.

7. Answering paragraphs 7 through 9, alleges that the terms of the Plan speak for themselves and require no further comment or characterization by the defendant.

8. Answering the allegations of paragraph 10, alleges that Guarantee Life Insurance issued group long term disability insurance policy no. 000010015557 to Professional Rehabilitation Network, which had an effective date of June 1, 1997 and that the terms of that policy speak for themselves and require no further comment or characterization by the defendant; except as so alleged, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

9. Answering the allegations of paragraph 12, alleges that the terms of the Proposal speak for themselves and require no further comment or characterization by the defendant; except as so alleged, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

10. Answering the allegations of paragraph 14, alleges that Boston Mutual by letter dated January 3, 2002 awarded Ms. Dolan LTD benefits effective August 18, 2001; except as so alleged, denies the remaining allegations of that paragraph.

11. Answering the allegations of paragraph 15, alleges that Boston Mutual, through its third-party administrator, Disability Reinsurance Management Services ("DRMS"), terminated Ms. Dolan's LTD benefits by letter dated October 27, 2006 and that the October 27, 2006 letter and the Proposal speak for themselves and require no further comment or characterization by this defendant; except as so alleged, denies the remaining allegations of that paragraph.

12. Answering the allegations of paragraph 16, alleges that Boston Mutual through DRMS terminated Ms. Dolan's LTD benefits by letter dated October 27, 2006 and that the terms of that letter speak for themselves and require no further comment or characterization by this defendant; except as so alleged, denies the remaining allegations of that paragraph.

13. Paragraphs 18 and 31 state conclusions of law for which no response is required.

14. Denies paragraphs 17, 19, 22, 24-26 and 32-33.

15. Answering the allegations of paragraph 20, alleges that the terms of the Guarantee Life Policy and the Proposal speak for themselves and require no further comment or characterization by defendant; except as so alleged, denies the remaining allegations of that paragraph.

16. Repeats and realleges its responses to: paragraphs 1 through 20 in response to paragraph 21; paragraphs 1 through 22 in response to paragraph 23;

paragraphs 1 through 26 in response to paragraph 27; paragraphs 1 through 28 in response to paragraph 29; and paragraphs 1 through 33 in response to paragraph 34.

17. Answering the allegations of paragraph 28, alleges that D&H is Plan sponsor and administrator and that Ms. Dolan is a Plan participant; except as so alleged, the remaining allegations of that paragraph state conclusions of law for which no response is required. To the extent that the Court may otherwise construe these allegations, they are denied.

18. Answering the allegations of paragraph 36, alleges that the terms of the Proposal speak for themselves and require no further comment or characterization by the defendant; except as so alleged, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

SECOND DEFENSE

19. Plaintiffs fail to state a claim upon which relief may be granted.

THIRD DEFENSE

20. Plaintiffs' remedies are limited solely to those afforded by ERISA.

FOURTH DEFENSE

21. Plaintiffs' claims are barred because defendant discharged its duties in the interest of Plan participants and beneficiaries and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

FIFTH DEFENSE

22. Plaintiffs' claims are barred because the actions of defendant were not arbitrary, capricious, unreasonable or made in bad faith.

SIXTH DEFENSE

23. Plaintiff Robin Dolan's claim is barred by her failure to satisfy all terms and conditions of the LTD Plan for an award of LTD benefits.

SEVENTH DEFENSE

24. The decisions of defendant with respect to plaintiff Robin Dolan's claims are entitled to deferential review.

EIGHTH DEFENSE

25. Under the terms of the Plan, defendant is entitled to an offset based on any income plaintiff Robin Dolan earned or received from any form of employment.

NINTH DEFENSE

26. Plaintiff D&H Therapy Associates, LLC lacks standing.

**COUNTERCLAIM – PLAINTIFF ROBIN DOLAN**

COUNT I

1. Plaintiff Robin Dolan was, at all material times, a participant in the Plan.

2. LTD benefits under the Plan were, at all material times, insured under the policy issued by Boston Mutual.

3. DRMS, at all relevant times, served as third-party administrator to the Plan on behalf of Boston Mutual.

4. The Plan defines disability as follows:

> Disability means that due to sickness or injury you are not able to perform some or all of the material and substantial duties of your regular occupation and you have at least a 20% loss in your pre-disability earnings OR
>
> While you are not able to perform some or all of the material and substantial duties of your regular occupation,

> you are working in any occupation and have at least a 20% loss in your pre-disability earnings.

5. The Plan provides:

> WHEN WILL OUR PAYMENTS TO YOU STOP?
>
> We will stop payments . . . the date your current earnings exceed 80% of your pre-disability earnings . . .
>
> WHAT HAPPENS IF WE OVERPAY YOUR CLAIM?
>
> We have the right to recover overpayments due to . . . your receipt of other income amounts.

6. The Plan defines "other income amounts" in pertinent part as "any income you earn or receive from any form of employment."

7. DRMS terminated Ms. Dolan's LTD benefits by letter dated October 27, 2006 because it determined that as of January 1, 2002 Ms. Dolan was earning more than 80% of her pre-disability income.

8. DRMS determined that Ms. Dolan's share of profits in her businesses, Associated Professional Management and D&H Therapy Associates, should have been considered in determining whether she suffered a 20% loss in her pre-disability earnings after January 1, 2002 pursuant to the terms of the Plan.

9. DRMS concluded that LTD benefits should not have been paid to Ms. Dolan after December 31, 2001 because Ms. Dolan was earning more than 80% of her pre-disability income as of January 1, 2002.

10. DRMS further concluded that Ms. Dolan's share of profits in her business constituted "other income amounts" because it was income she earned or received from employment.

11. As a result, Boston Mutual overpaid Ms. Dolan LTD benefits from January 1, 2002 through October 27, 2006 in the amount of approximately $145,958.32.

12. Pursuant to the terms of the Plan, Boston Mutual has the right to recover its overpayment to Ms. Dolan due to her receipt of these other income amounts.

13. Boston Mutual has demanded that Ms. Dolan refund the LTD overpayment.

14. Ms. Dolan has since refused to pay amounts due and payable to Boston Mutual under the terms of the Plan.

WHEREFORE, defendant Boston Mutual Life Insurance Company demands:

a. Judgment dismissing plaintiffs' complaint;

b. Judgment against plaintiffs for the full amount of the LTD overpayment balance plus interest, costs and attorney's fees; and

c. Such further relief as the Court may deem appropriate.

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq. #6228
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: August 22, 2008

## CERTIFICATE OF SERVICE

To:

Charles S. Beal, Esq.
Beal Law, LLC
55 Pine Street, Suite 400
Providence, RI 02903

I certify that I electronically filed the within Answer to Amended Complaint and Counterclaim on August 22, 2008. The Answer to Amended Complaint is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-named counsel of record will be effectuated by electronic means or by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks R. Magratten