UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| D&H THERAPY ASSOCIATES, LLC and ROBIN DOLAN, Plaintiffs | ) | C.A. No. 08-005/S |
| v. | ) | |
| BOSTON MUTUAL LIFE INSURANCE COMPANY, Defendant | ) | |

**MOTION OF DEFENDANT BOSTON MUTUAL LIFE INSURANCE COMPANY FOR A PROTECTIVE ORDER**

Defendant Boston Mutual Life Insurance Company ("Boston Mutual") moves pursuant to Fed. R. Civ. P. 26(c) for a protective order striking a deposition notice, a copy of which is attached hereto as Exhibit A, as well as a subpoena duces tecum and associated deposition notice, copies of which are attached hereto as Exhibit B, which were served by plaintiffs.

Boston Mutual certifies that it has in good faith conferred or attempted to confer with plaintiffs in an effort to resolve the dispute without court action.

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
Catherine Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendant Boston Mutual Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: September 9, 2008

CERTIFICATE OF SERVICE

To:

Charles S. Beal, Esq.
Beal Law, LLC
55 Pine Street – Suite 400
Providence, RI 02903

I hereby certify that I electronically filed the within Motion on September 9, 2008. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-listed counsel of record will be effectuated by electronic means or by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks R. Magratten

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| D&H THERAPY ASSOCIATES, LLC and ROBIN DOLAN, Plaintiffs | ) | C.A. No. 08-005/S |
| v. | ) | |
| BOSTON MUTUAL LIFE INSURANCE COMPANY, Defendant | ) | |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT BOSTON MUTUAL LIFE INSURANCE COMPANY FOR A PROTECTIVE ORDER**

Defendant Boston Mutual Life Insurance Company ("Boston Mutual") moves pursuant to Fed. R. Civ. P. 26(c) for a protective order striking deposition notices and a subpoena served by plaintiffs' counsel, copies of which are attached as Exhibits A and B to defendant's motion.

## I. RELEVANT FACTUAL BACKGROUND

Plaintiff Robin Dolan was at all relevant times a participant in a long term disability ("LTD") plan (the "Plan") sponsored and maintained by plaintiff D&H Therapy Associates, LLC ("D&H Therapy") and funded by a Boston Mutual group LTD policy (the "Policy"). Boston Mutual terminated Ms. Dolan's LTD benefit claim because it determined that as of January 1, 2002, Ms. Dolan was earning more than 80% of her pre-disability income and was thus no longer eligible for benefits.

Plaintiffs brought suit against Boston Mutual for LTD benefits under the Employee Retirement Income Security Act ("ERISA"). See 29 U.S.C. §1132 (a)(1)(b). Amended Complaint, ¶ 1. They moved on June 12, 2008 for leave to amend their complaint to add a state law claim of fraud in the inducement against Boston Mutual. In their amended

complaint, plaintiffs again pled a claim for benefits under ERISA. Amended Complaint, ¶ 1.

Defendant objected to plaintiffs' motion, arguing that the state law fraud in the inducement claim was preempted by ERISA. After a July 9, 2008 hearing, Magistrate Judge Martin denied without prejudice to plaintiffs' motion to amend.

Plaintiffs then moved a second time for leave to amend their complaint to add a claim for fraudulent inducement, in addition to the 29 U.S.C. § 1132(a) claim for LTD benefits. Although the plaintiffs' second motion sought to add factual allegations to the proposed amended complaint regarding a disability policy purportedly held by D&H Therapy's predecessor that allegedly would have provided greater benefits than those provided under the Boston Mutual policy, the gravamen of plaintiffs' proposed amended complaint remained that Boston Mutual wrongfully terminated Ms. Dolan's LTD benefit claim.

Plaintiffs based their new factual allegations on a proposal for coverage that was purportedly provided to Professional Rehabilitation Network ("PRN"), a predecessor to D&H Therapy, by Benefit Services, Inc. prior to PRN's purchase of the Policy. Significantly, however, plaintiffs did not seek to add any additional parties to the case and they continued to seek to recover benefits lost due to the termination of Ms. Dolan's LTD payments. Nevertheless, Magistrate Judge Martin granted the plaintiffs' second motion to amend after a hearing. Plaintiffs thereafter filed their amended complaint to add a count for fraudulent inducement against Boston Mutual.

Plaintiffs filed their amended complaint on August 14, 2008. On September 4, plaintiffs served a notice of the deposition of Thomas Liszanckie, an agent of Boston Mutual, and a subpoena and notice for the deposition of Maureen Baker, an employee of Benefit Services, Inc. Because plaintiffs seek to elicit information through those depositions that is

beyond the scope of permitted discovery in an ERISA action, Boston Mutual moves for a protective order quashing those depositions.

## II. ARGUMENT

### A. The Depositions Sought by Plaintiffs Are Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence.

The information sought by plaintiffs—deposition testimony of one of Boston Mutual's agents, as well as the testimony of an agent of Benefit Services, Inc.—is beyond the scope of the administrative record before the Plan when Boston Mutual rendered its decision to terminate Ms. Dolan's LTD benefits. Under ERISA, when a court undertakes judicial review of a benefit determination, the evidence before the court is generally limited to the administrative record before the plan administrator when it made its decision. Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005). This is because:

> The decision to which judicial review is addressed is the final ERISA administrative decision. It would offend interests in finality and exhaustion of administrative procedures required by ERISA to shift the focus from that decision to a moving target by presenting extra administrative record evidence going to the substance of that decision.

Id.

The focus of judicial review, under any standard of review, is the administrator's decision and must ordinarily be based on the administrative record. Id. Prior to Orndorf, the issue of whether evidence outside of the administrative record was admissible under de novo review was unresolved in the First Circuit. See Liston v. UNUM Corp. Officer Severance Plan, 330 F.3d 19, 24 (1st Cir. 2003). The Liston court held that under an arbitrary and capricious standard of review, the focus of judicial review is ordinarily on the record made before the administrator. Id. Liston failed to address whether the same rule applied under de novo review. Id. Orndorf, however, explicitly extends this rule to cases where the benefit denial is subject to

de novo review. Orndorf at 519.[1]

The Orndorf court concluded that there may be circumstances in which it is appropriate for courts to hear new evidence. Id. at 520 ("Where the challenge is not to the merit of the decision to deny benefits, but to the procedure used to reach the decision, outside evidence may be of relevance"). Those circumstances, however, do not exist with respect to the information sought by plaintiffs. Neither Mr. Liszanckie nor Ms. Baker have any knowledge regarding the procedure employed by Boston Mutual and its third party administrator, Disability Reinsurance Management Services ("DRMS") to reach the decision to terminate Ms. Dolan's LTD benefits.

**B. Plaintiffs' Fraud In The Inducement Claim Is ERISA-Preempted.**

Presumably, plaintiffs seek to use the depositions of Mr. Liszanckie and Ms. Baker to discover information regarding their fraud in the inducement claim. Such discovery is not permitted, however, as ERISA preempts that claim.

In ERISA, Congress enacted a comprehensive statutory framework designed to promote uniformity in the nationwide regulation of employee benefit plans. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," 29 U.S.C. § 1144(a). It shows an understanding that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." Pilot Life, 481 U.S. at 54. Thus, generally speaking, federal substantive law—not

---

[1] Although the Court has not yet ruled on the standard of review will be applied in this case, the Plan grants the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan. Therefore, Boston Mutual's decision to terminate Ms. Dolan's LTD benefits will likely be reviewed for an abuse of discretion. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). See also Brigham v. Sun Life of Canada, 317 F.3d 72, 81-82 (1st Cir. 2003); Terry v. Bayer Corp., 145 F.3d 28, 37 (1st Cir. 1998).

state law—governs a claim for benefits under ERISA. Nash v. Trustees of Boston Univ., 946 F.2d 960, 964 (1st Cir. 1991).

A state law claim relates to an employee welfare benefit plan where a state law cause of action requires the court's inquiry be directed to the plan or where it conflicts directly with ERISA. Ingersoll Rand Co. v. McClendon, 498 U.S. 133 (1990). A state law fraud in the inducement claim is preempted where it requires analysis of the Plan. Carrasquillo v. Pharmacia Corp., 466 F.3d 13, 20 (1st Cir. 2006).

In Carrasquillo, the plaintiff participant sued his former employer under ERISA and Puerto Rico law alleging wrongful denial of separation benefits. He alleged that his employer fraudulently induced him to continue his employment by misleading him about when he could apply for severance benefits, changing the benefits application deadline without informing him and falsely promising him a comparable position. Id. at 20.

The First Circuit held that plaintiff's fraudulent inducement claim was preempted by ERISA because the court could not determine whether the alleged promises were fraudulent without consulting the terms of the plan. Because the court's inquiry would be "necessarily directed to the plan," the district court was correct to dismiss plaintiff's fraudulent inducement claim on the ground of ERISA preemption. Id.

Plaintiffs allege that defendant Boston Mutual and its agents fraudulently induced plaintiffs to purchase the Policy by representing that "earnings" would be defined only as W-2 earnings. Plaintiffs further allege that as a result, "they have been denied substantial benefits that they had been assured by Defendant and its agents to which they are entitled." Amended Complaint, ¶ 35.

Plaintiffs' fraudulent inducement claim relates to the Plan because resolution of

that claim requires analysis of the Plan. In terminating Ms. Dolan's LTD benefit claim, Boston Mutual interpreted "earnings" under the Plan to mean Ms. Dolan's income from all sources—namely, her net profits as partner of Associated Professional Management, Inc. and D&H Therapy, Inc. The Court must look to the Plan in order to determine whether this interpretation of the term "earnings" was reasonable before it can decide whether the promises allegedly made by Boston Mutual were fraudulent.[2] Because the Court's inquiry will necessarily be directed to the Plan, plaintiffs' fraud in the inducement claim is related to the Plan and is, therefore, preempted.

Moreover, a plaintiff's fraud in the inducement claim relates to the Plan when it is intertwined with a defendant's refusal to pay benefits as allegedly promised. See Englehardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1348 (11th Cir.1998) (fraud in the inducement claim preempted where the impetus for suit was the decision to deny benefits under an ERISA plan); Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir.1997) (noting that a state law claim relates to an ERISA plan for purposes of preemption "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits"); Hooper v. Albany Intern. Corp., 149 F. Supp. 2d 1315, 1321 (M.D. Ala. 2001) (noting that when the common thread weaving all of the claims in plaintiff's complaint together is the defendant's allegedly improper denial of benefits under the ERISA plan, plaintiff's state law claims, including fraud in the inducement, are completely preempted by ERISA); Stoudemire v. Provident Life & Acc. Ins. Co., 24 F. Supp. 2d 1252, 1259 (M.D. Ala. 1998) (state law claims relate to ERISA plan whenever alleged conduct at issue is intertwined with refusal to pay benefits); MacKay v. Grumman Allied Industr., Inc., 993 F. Supp. 1068, 1071 (W.D. Mich.1997) (fraud in the inducement claim related to plan and was

[2] In fact, the Court will not even reach the issue of whether plaintiffs were fraudulently induced to purchase the Policy unless it first finds that Boston Mutual's interpretation was reasonable.

preempted where plaintiff sought as damages additional pension benefit amounts under the Plan); see also, Macomber v. Digital Equip. Corp., 865 F. Supp. 65 (D.N.H. 1994) (causes of action alleging wrongful conduct prior to adoption of an ERISA plan and seeking benefits under an ERISA plan or seeking damages as measured by benefits which would otherwise have been provided by the Plan are preempted by ERISA).

Plaintiffs' fraud in the inducement claim is inextricably related to Boston Mutual's termination of Ms. Dolan's LTD benefit claim. Plaintiffs concede as much in their amended complaint, alleging specifically with respect to their fraud in the inducement claim that "they have been denied substantial benefits that they had been assured by Defendant and its agents to which they are entitled." Amended Complaint, ¶ 35. Their measure of damages on the fraud in the inducement claim is the amount of benefits to which Ms. Dolan would be entitled under the Plan. Because the impetus for plaintiffs' fraudulent inducement claim is Boston Mutual's termination of Ms. Dolan's LTD benefit claim, it relates sufficiently to the Plan to be ERISA-preempted.

**C. The Deposition Notice Issued to Thomas Liszanckie Is Invalid.**

The plaintiffs have served Boston Mutual with a notice of the deposition of Thomas Liszanckie, but have failed to serve Mr. Liszanckie with a subpoena. Mr. Liszanckie is not an officer, director or managing agent of Boston Mutual. Although plaintiffs may seek to depose Mr. Liszanckie in his individual capacity, they must issue a subpoena for that purpose pursuant to Fed. R. Civ. P. 45(d). See GTE Products Corp. v. Gee, 115 F.R.D. 67, 70 (D. Mass. 1987). Therefore, the notice of deposition for Mr. Liszanckie that plaintiffs served on Boston Mutual should be quashed.

## III. CONCLUSION

For the foregoing reasons, plaintiffs' deposition notices and subpoena should be quashed and a protective order granted.

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
Catherine Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendant Boston Mutual
Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: September 9, 2008

CERTIFICATE OF SERVICE

To:

Charles S. Beal, Esq.
Beal Law, LLC
55 Pine Street – Suite 400
Providence, RI 02903

I hereby certify that I electronically filed the within Memorandum on September 9, 2008. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-listed counsel of record will be effectuated by electronic means or by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks R. Magratten