UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| D&H THERAPY ASSOCIATES, LLC and ROBIN DOLAN, | : | |
| Plaintiffs, | : | |
| | : | C.A. No. 08-005S |
| v. | : | |
| BOSTON MUTUAL LIFE INSURANCE COMPANY, | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs D&H Therapy Associates LLC and Robin Dolan (the "Plaintiffs") respectfully submit this memorandum of law in support of their Motion to Compel the production of the specific documents contained within the Claims File, listed below, in which the defendant Boston Mutual Life Insurance Company ("Defendant") has claimed attorney/client privilege.

Relevant Facts

This case involves Plaintiffs' claim that Defendant has violated ERISA by wrongfully ceasing to make disability insurance payments to Plaintiff Robin Dolan, as well as Plaintiff's state law claims of bad faith and, in the alternative, that Defendant and its agents fraudulently induced Plaintiffs to abandon an existing policy that clearly covered it for the losses at issue.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Defendant produced to Plaintiff the "Claims File" pursuant to which its Third-Party Administrator Disability RMS denied Plaintiffs' claim and administrative appeals. Missing from the

file, however, were dozens of pages of documents which Defendant claimed were exempt form disclosure pursuant to the attorney-client privilege.

On July 12, 2008, Plaintiffs' counsel sent Defendant's counsel a letter identifying a broad variety of specific documents listed on Defendant's privilege log asserting, first, that the log insufficiently described the documents on the list, so that Plaintiffs could not make a reasonable determination as to whether the documents were, indeed, privileged, as the log in most cases omitted the recipients and subject matter of the allegedly privileged documents. (A copy of the July 12, 2008 Letter [the "July 12 Letter"] is annexed hereto as Exhibit A.) Plaintiff's counsel further took the position that with regard to most, if not all, of the documents at issue, the privilege either had no application or it had been waived.

On August 13, 2008, Defendant responded to the July 12 Letter by producing an amended privilege log which, in some cases, more specifically identified the parties to certain correspondence and further attached a limited number of redacted emails. A copy of the Defendant's amended privilege log and August 13 cover letter are annexed hereto as Exhibit B. The parties have conferred on a number of other occasions, and without any further agreement to supplement Defendant's production.

By way of this Motion, Plaintiff seeks an order compelling production of the following documents that Defendant has claimed are protected under the Attorney/client privilege: Bates Nos. 805-806, 820-821, 828, 865, 881-882, 908, 924-926, 949, 960-961, 962, 963, 967, 969-970, 970-971, 972, 973, 976, 979, 981-988, 989, 993, 994-995, 998, 1038, 1114-1115, 1147-1148, 1165. The documents are described in greater detail in Defendant's amended privilege log, which is attached as Exhibit B. Some of these

documents have been produced in redacted form. Most have not. Defendant has claimed attorney/client privilege as to all of them.

Argument

Each and every one of the documents claimed as privileged by Defendant falls under the fiduciary exception to the attorney-client privilege. This exception is rooted in English trust law, but has since been applied to numerous fiduciary relationships, including those existing in the ERISA context. *See United States v. Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999). "As applied in the ERISA context, the fiduciary exception provides that an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration. *Id.* (quoting *In re Long Island Lighting Co.,* 129 F. 3d 268, 272 (2d Cir. 1997).

The United States District Court for the District of Massachusetts recently examined a virtually identical claim of privilege by a defendant pertaining to a third-party Administrator in *Smith v. Jefferson Pilot Financial Insurance Company*, 2007 U.S.Dist LEXIS 69016 (D. Mass. 8/2/2007).[1] In the Smith case, a third-party administrator, as here, claimed privilege to a large portion of the Claims file, taking the position that communications between the third-party administrator and its counsel were privileged. United States Magistrate-Judge Dein first did an *in camera* inspection of the documents, agreeing with the Defendant that the documents were privileged. However, after a thorough and careful analysis of the case law under ERISA and the fiduciary exception, the court found that the fiduciary exception applied and the documents must be produced.

As an initial matter, relying on ERISA's definition of fiduciary as including anyone who "has any discretionary authority or discretionary responsibility in the

[1] A copy of the sip opinion in the *Smith* case is annexed hereto as Exhibit C for the Court's reference.

administration of such plan,"[2] the court found that the under the ERISA statutory scheme, the third-party administrator was a fiduciary. Like here, the court observed that "the documents reflect confidential communications between claims personnel at [the third-party administrator] and attorneys and their representatives in the defendant's in-house legal department. The court reviewed the long line of precedent from other circuits explaining the rationale for the fiduciary exception, starting with an ERISA trustee's duty to disclose to plan beneficiaries all information regarding plan administration. The court further cited with approval those cases from other circuits holding that "[w]hen an attorney advises a plan administrator or other fiduciary concerning plan administration, the attorney's clients are the plan beneficiaries for whom the fiduciary acts, not the plan administrator." *Id.* at p. 6 (quoting *Wildbur v. Arco Chem. Co.*, 974 F.2d 631, 645 (5th Cir. 1992). The court adopted the logic of the majority of Circuits to address the issue and held that all of the documents would have to be produced. The Court further analyzed in detail, and declined to follow the one conflicting case upon which the Defendant relied, *Wachtel v. Health Net*, Inc, 482 F.3d 225 (3d Cir. 2007), which had held that the fiduciary exception should not apply to insurance companies.

The *Smith* case is consistent with the recent case law on this point. *See Black v. Pitney Bowes,* 2006 U.S. Dist.LEXIS 92263 (S.D.N.Y. 12/21/2006); *Asuncion v. Met Life*, 2007 U.S.Dist LEXIS 46566 (S.D.N.Y. 6/25/2006); *Shields v. Unum Provident*, 2007 U.S.Dist.LEXIS 17836 (S.D.Ohio 3/9/2007).

---

[2] *See* 29 U.S.C. §1002(21)(A)(iii).

Conclusion

For the reasons set out above, Plaintiffs request that this Court enter an order compelling the Defendant to produce the above-listed documents in unredacted form and grant such further relief that it deems just and appropriate.

D&H THERAPY, LLC and
ROBIN DOLAN,

By their Attorneys,

/s/ Charles S. Beal

Charles S. Beal (#5559)
Beal Law, LLC
55 Pine Street, Suite 400
Providence, Rhode Island 02903
Tel. (401) 270-6200
Fax (401) 490-0117

September 13, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September, 2008, a true copy of the within was sent, via electronic service, to the following:

Brooks R. Magratten, Esq.
Timothy Bliss, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Charles S. Beal

Charles S. Beal