CHARLES S. BEAL

# BEAL LAW, LLC

July 12, 2008

VIA EMAIL AND FIRST CLASS MAIL
Brooks Magratten, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Re: *D&H Therapy, LLC and Robin Dolan v. Boston Mutual*

Dear Brooks:

I write to follow up regarding the claims file that you produced several weeks ago pursuant to Rule 26 and, more specifically, the privilege log contained within it. We have serious concerns regarding the privilege log that you provided, as in a substantial number of entries you do not identify the authors, recipients or subject matter of documents for which you are claiming a privilege. As to each of the entries discussed below, we would ask that you either provide the information requested, or immediately produce the documents involved, as specifically requested below.

As a threshold issue, I would ask you to supplement your log by identifying the title and employer of each individual listed on your log. Of course, we cannot evaluate your claims of privilege without this essential information and you are required to supply it to us.

Insufficiently Described Documents (Bates Numbered 805-806, 820-821, 828, 908, 949, 881-882, 1041). You claim privilege as to each of these documents, but in most cases you list neither a specific author, recipient nor the subject matter discussed. We are entitled to the name of the person who generated it, the name of the person to whom it was sent (as well as their positions and employer) and the subject matter contained within it so that we can evaluate your claim of privilege. Please provide us with this information by the end of next week.

Documents Improperly Described as Privileged. There are a great number of documents in which you claim attorney client and/or work-product protection, which are clearly not protected from disclosure, even from the cryptic descriptions that you have given relating to them.[1] Any document containing legal advice which has been disclosed

[1] It is glaringly apparent that each and every document description contained within your log is woefully inadequate under the rules and relevant case law. It is well-established that we are entitled to a description

by Disability RMS to Boston Mutual or vice versa, or to third parties, is clearly not privileged, as you have represented to the court, including in the mediation, that Disability RMS and Boston Mutual are two separate entities. Putting aside the legal and ethical issues pertaining to Boston Mutual's legal counsel giving legal advice to its allegedly independent third party administrator, any privilege claimed by you was waived, and these documents immediately must be produced. *See, e.g., Shields v. Unum Provident Corp.*, 2007 U.S. Dist. LEXIS 17836 (S. D. Ohio 3/9/2007) (holding that privilege had been waived regarding to allegedly privileged communications with third-party administrators).

Among the documents in this category are those bates numbered 865, 960, 961, 967, 969, 970, 970-971, 972, 973, 976, 981-988, 993, 994-995, 1000, 1001, 1015, 1114-1115, 1165, 1254. It is likely that a large number of other documents may fall into this category as well, and we reserve our right to request them after you have sufficiently identified the employers and positions of the individuals named in your log. If Mr. William Muller is an employee or consultant of Boston Mutual or its counsel, documents bates numbered 1147, 1148 and 1254 would also fall into this category. If Ann Lebel is an employee or consultant of Boston Mutual or its counsel, document bates numbered 1165 would fall into this category as well. If Angela Clarke is an employee of Boston Mutual or its counsel, documents bates stamped 978 and 979 also fall into this category. Similarly, if Judy Bogdonovich is an outside consultant of Boston Mutual, document bates numbered 1015 would also clearly not be privileged.

Due to the vast disparity in the resources of our respective clients, and the absolutely settled law with regard to these issues, we will see our costs and fees for any application that we will have to make to the court. We look forward to your response to these requests by July 21, 2008

Very truly yours,

Charles S. Beal

cc: Ms. Robin Dolan (via email)
Ms. Kim Havunen (via email)

---

of the subject matter and not just the vague description "legal advice," "request for legal advice" or communication with counsel." *Corvello v. New England Gas Co.*, 243 F.R.D. 28 (D.R.I. 2007). Please supplement your log to include this information forthwith.