UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTOPHER SMITH, Plaintiff, v. JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, Defendant. | ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 07-10228-PBS |

**MEMORANDUM OF DECISION AND**
**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

August 2, 2007

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, Christopher Smith ("Smith"), has brought this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. ("ERISA"), claiming that the defendant, Jefferson Pilot Financial Insurance Company ("Jefferson Pilot"), is obligated to pay him increased benefits under a group long-term disability insurance policy that Jefferson Pilot issued to Smith's employer. The matter is presently before the court on the "Plaintiff's Motion to Compel Disclosure of Documents Withheld by Defendant Under Claim of Attorney Client Communication Privilege or Attorney Work Product" (Docket No. 12). By his motion, Smith is seeking an order compelling Jefferson Pilot to disclose 13 documents that the defendant has withheld from production

based on the attorney-client privilege.[1] Smith claims that even if the documents consist of privileged communications, he is entitled to them under the so-called "fiduciary exception" to the attorney-client privilege.

Smith's motion raises an issue of first impression in this Circuit, as the First Circuit Court of Appeals has not addressed the application of the fiduciary exception in the ERISA context. Although Jefferson Pilot does not dispute that the fiduciary exception may be applied to some ERISA fiduciaries, it contends that it should not apply to insurance companies, and it urges this court to adopt the reasoning of Wachtel v. Health Net, Inc., 482 F.3d 225 (3d Cir. 2007), in which the Third Circuit Court of Appeals held that the fiduciary exception does not apply when the fiduciary at issue is an insurer acting as a claim administrator rather than a trustee or plan administrator.

After consideration of the parties' submissions, oral arguments and an *in camera* review of the disputed documents, this court finds that the disputed documents, while generally privileged, are discoverable under the fiduciary exception to the attorney-client privilege with one exception. This court declines to follow Wachtel under the circumstances of this case, and concludes that the fiduciary exception applies. Accordingly the motion to compel is ALLOWED, except for the first section of handwritten notes on document No. 12 which reflect settlement considerations and may be redacted.

---

[1] The defendant initially had opposed the disclosure of the disputed documents on the grounds of both the attorney-client privilege and the work product doctrine. However, at oral argument the defendant agreed that it is claiming only attorney-client privilege, so that will be the only privilege addressed.

## II. STATEMENT OF FACTS

Smith filed a claim with Jefferson Pilot under his employer's "Group Long Term Disability Insurance Policy" on the grounds that he was totally disabled. After initially denying his short-term disability claim, Jefferson Pilot subsequently determined that Smith was entitled to both short term and long term benefits under the policy, and has been making such payments. However, Smith disputes the calculation of his monthly benefits under the insurance policy.

Smith hired an attorney to represent him in connection with discussions with Jefferson Pilot's claims personnel concerning the appropriate level of compensation. These claims personnel consulted with Jefferson Pilot's in-house counsel in preparing responses to Smith's counsel. The documents being withheld, for the most part, reflect these internal communications.

Jefferson Pilot describes its role in this case as a "claims administrator." (See Def.'s Opp. (Docket No. 17) at 2). Thus, under ERISA, a covered plan providing for disability benefits may be established or maintained by an employer "through the purchase of insurance or otherwise[.]" 29 U.S.C. § 1002(1). Jefferson Pilot is a fiduciary by virtue of the fact that it exercises authority or discretionary authority over the payment of benefits owed to plan beneficiaries. See 29 U.S.C. § 1002(21)(A)(iii) (defining a fiduciary under a plan to include anyone who "has any discretionary authority or discretionary responsibility in the administration of such plan").

Additional facts will be provided below where appropriate.

## III. ANALYSIS

### A. The Attorney Client Privilege

Jefferson Pilot claims that the 13 documents at issue are protected by the attorney-client privilege. Therefore, this court must determine, as a threshold matter, whether the defendant was justified in withholding the documents as privileged in the first instance. "The attorney-client privilege . . . protects communications made between an attorney and a client for the sake of obtaining legal advice" and "extends to communications made to a representative of the attorney for the sake of obtaining the attorney's advice." City of Worcester v. HCA Mgmt. Co., Inc., 839 F. Supp. 86, 88 (D. Mass. 1993). Jefferson Pilot, "as the party asserting the privilege, has the burden of proving that the privilege attaches to the communications at issue." Id.

After an *in camera* review, this court finds that the disputed documents are privileged.[2] For the most part, the documents reflect confidential communications between claims personnel at Jefferson Pilot and attorneys and their representatives in the defendant's in-house legal department. They further establish that the communications generally were made for the purpose of seeking and providing legal advice in connection with Jefferson Pilot's responses to plaintiff's counsel's requests for information and assertions regarding the plaintiff's right to benefits under the applicable insurance policy.

---

[2] Portions of some of the documents may not be privileged as they reflect business information instead of legal advice. Such parsing of each document is not necessary, however, in light of this court's ruling on the issue of the fiduciary exception.

Thus, Jefferson Pilot has demonstrated a basis for withholding the documents under a claim of privilege.

**B. The Fiduciary Exception**

Smith argues that even if the attorney-client privilege attaches, the plaintiff is entitled to obtain the documents under the fiduciary exception. This exception to the attorney-client privilege is rooted in English trust law, but has since been applied to numerous fiduciary relationships, including those existing in the ERISA context. See United States v. Mett, 178 F.3d 1058, 1063 (9th Cir. 1999). "As applied in the ERISA context, the fiduciary exception provides that an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration." Id. (quoting In re Long Island Lighting Co., 129 F.3d 268, 272 (2d Cir. 1997)). The First Circuit has not addressed whether a fiduciary exception to the attorney-client privilege is applicable to non-employer ERISA fiduciaries, such as insurance companies. After reviewing the case law from other jurisdictions in light of the underlying policies of ERISA to protect participants in employee benefit plans and facilitate disclosure of information concerning plan administration, this court finds that the fiduciary exception applies in the instant case.

"The fiduciary exception is rooted in two distinct rationales. First, some courts have held that the exception derives from an ERISA trustee's duty to disclose to plan beneficiaries all information regarding plan administration." Id. (citation omitted). These courts reason that "[a]n ERISA fiduciary has an obligation to provide full and accurate